IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMMY LEROY MCMURRAY,

    Plaintiff,

v.                                                                       No. CV 15-0723 MV/WPL

JERRY GALLOWAY,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint. Plaintiff is incarcerated, appears pro se, and has filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) (the "IFP motion"). Pursuant to filing restrictions previously entered against Plaintiff, the Court will dismiss the complaint.

Plaintiff's IFP motion must be denied. Plaintiff has filed numerous civil actions in this Court, all of which were filed while Plaintiff was incarcerated, and most were dismissed as frivolous or for failure to state a claim. The list of Plaintiff's dismissed actions includes *McMurray v. Smith*, No. CV 08-0408 MCA/LFG (Doc. 9); *McMurray v. Gillespie*, No. CV 08-1064 MV/CEG (Doc. 13), and *McMurray v. Chaltry*, No. CV 10-0321 MCA/LAM (Doc. 7). *See Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("court may take judicial notice of the prior litigation."); *Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (upholding judicial notice of court's own records). Certain provisions of 28 U.S.C. § 1915 prohibit a prisoner from proceeding in forma pauperis if three or more of the prisoner's previous complaints have been dismissed as frivolous or for failure to state a claim. The pertinent subsection reads:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous . . . or fails to state a claim . . . , unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff's complaint has been preceded by the requisite number of dismissals and does not allege imminent danger of serious physical injury. Under the factors specified in § 1915(g), the IFP motion will be denied. *See Pigg v. FBI*, 106 F.3d 1497, 1497 (10th Cir. 1997).

In another of Plaintiff's previous actions, *McMurray v. McCelmoore*, No. CV 10-0389 JH/GBW, the Court entered filing restrictions against him (Docs. 12, 18). Specifically, as pertinent here, the Court enjoined Plaintiff from initiating further litigation in this Court unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. Plaintiff's current pleading is not signed by an attorney, and he has not sought permission to proceed *pro se*. The Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is DENIED;

IT IS FURTHER ORDERED that Plaintiff's Civil Rights Complaint is DISMISSED, and this action is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE